United States District Court
Southern District of Texas

Andrew Glen Diggins,
    Plaintiff,

v.

Case No. _____

The Geo Group Inc.,
Jane Doe, Lieutenant,
FNU Galarza, Captain,
FNU Geisinger, Lieutenant,
FNU McGee, Captain,
FNU Galindo, Major
    Defendants

CIVIL RIGHTS COMPLAINT
42 U.S.C. 1983
JURY TRIAL DEMANDED

## Introduction

This is a civil rights lawsuit by prisoner Andrew Glen Diggins as a result of violations of his constitutional rights while a pretrial detainee at a private prison run by The Geo Group Inc. by contract with the U.S. Marshals Service. He seeks damages.

## I. Jurisdiction:

Plaintiff asserts jurisdiction and venue are proper under 28 U.S.C. 1331 (federal question), 1332 (diversity) and 42 U.S.C. 1983. Venue is proper. 28 U.S.C. 1391.

1

II. Causes of Action:

1. Claim One: Violation of First Amendment (Denial of Access to Telephone);
2. Claim Two: Violation of First Amendment (Denial of Access to Media);
3. Claim Three: Violation of First Amendment (Denial of access to privileged correspondence);
4. Claim Four: Violation of First Amendment (Denial of Access to the Courts);
5. Claim Five: Violation of Eighth Amendment (Seizure of Eyeglasses);
6. Claim Six: Violation of Eighth Amendment (Use of Excessive Force).
7. Claim Seven: Violation of Eighth Amendment (Sexual Abuse by Prison Staff).
8. Claim Eight: Violation of Fifth and Fourteenth Amendments (incorporation of claims 1-7).
9. Claim Nine: State law claims of assault, battery, negligence, intentional infliction of emotional distress.

III. Supporting Facts:

The plaintiff was housed by the U.S. Marshals Service as a federal pretrial detainee at the Coastal

2

Bend Detention Center, a privately operated jail owned by - and operated by - defendant The Geo Group Inc. a Florida for-profit corporation that houses prisoners charged with federal crimes or immigration matters. Plaintiff arrived to the Coastal Bend Detention Center ("CBDC") and was initially put into a segregated housing unit before a series of housing reassignments over a multi-year period. Plaintiff, a mentally ill ex-gangmember underwent mental health treatment throughout his detention at CBDC and was regularly transported by Geo Group staff to a contract mental health facility. Defendant Galindo was the Major at CBDC, the highest rank of custody staff supervisor except the Warden. Galindo was personally involved in management of plaintiff and regularly was giving directives as to how her subordinate staff were to house and treat plaintiff. Among her directives were to:

1. Seize, and detain without replacement, plaintiff's prescription eyeglasses.
2. Prohibit all phone calls by plaintiff to any attorney whatsoever.
3. Prohibit all letters, emails or phone calls by plaintiff to any representative of the news media.

3

4. Prohibit plaintiff access to any law library resources or legal assistance.
5. Prohibit plaintiff any access to a process to send sealed, confidential correspondence to any attorney, news media representative or government agency.

Only Galindo made decisions of consequence about plaintiff's housing conditions which consisted mostly of confinement to a 8x15 ft. cell with no cellmate in a cell containing only a table, bunk, toilet and shower. The plaintiff never got out of cell exercise outdoors. The plaintiff was confined to his secured cell 24 hours per day. These stressful conditions led to two incidents where plaintiff was upset and on one occasion when a nurse refused plaintiff his medication and he asked to see a supervisor. The officer escorting the nurse summoned defendant Galarza who sprayed plaintiff with oleoresin capsicum causing respiratory distress, severe pain and mental distress. Plaintiff was relocated to a new cell with no opportunity for decontamination. Upon relocation to the new cell Galarza strip

4

searched plaintiff and left him with only a mattress and boxer shorts. Plaintiff sought medical attention for hours for pain and respiratory distress. Finally defendants McGee and Leisinger arrived and emptied 2 entire aerosol cans of oleoresin capsicum spray onto plaintiff and into his cell. Plaintiff was again covered, not ever allowed decontamination, no medical examination, and was in even more pain and respiratory distress.

Plaintiff sought to pursue a legal action for the uses of force and chemical agents. But Galindo ordered staff to block all outgoing letters to the media, to withhold the telephone and permit no calls to any attorney or news media reporters. She blocked any and all access to a law library or other form of legal assistance. Plaintiff's letters to a Channel 3 Corpus Christi television station and anchor were returned unmailed on orders of Galindo which mailroom staff explained.

The CBDC has a lengthy history of staff abusing inmates and the defendant Geo Group Inc. failed to properly supervise, train or discipline Galindo,

5

Galarza, Geisinger, McBee or others. Even when a female lieutenant grabbed plaintiff by the penis and demanded sex the Geo Group Inc. ignored plaintiff's PREA complaints. The Geo Group has a well-documented history of lawsuits and grievances by detainees it houses, its own employees and government agencies. Plaintiff spent 5 months writing to the Geo Group Inc. seeking to pursue grievances relating to his own confinement at CBDC but could not obtain any forms or formal response despite them instructing him to do so upon departure from the CBDC.

VI. Requested Relief

1. Compensatory damages in an amount to be proven at trial.
2. Punitive damages in an amount to be proven at trial.
3. Trial by a Jury.
4. Award plaintiff costs and fees.
5. Any other just relief.

## Verification

I declare the aforegoing is true and correct under penalty of perjury under 28 U.S.C. 1746.

*[signature]*

Andrew Glen Duggins #65610-279
U.S. Penitentiary #2
PO Box 1034
Coleman FL 33521
Plaintiff- Pro Se

7

Andrew Duggins # 65610-279
U.S. Penitentiary #2 Coleman
P.O. Box 1034
Coleman FL 33521

TAMPA FL 335
SAINT PETERSBURG FL
11 MAR 2021 PM 4

U.S. District Court
P.O. Box 61010
Houston TX 77208

United States Courts
Southern District of Texas
FILED

MAR 16 2021

Nathan Ochsner, Clerk of Court

77208-101010